UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| CARL MCKENZIE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 04-271-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, Commissioner ) | **MEMORANDUM OPINION** |
| of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Claimant's counsel's motion for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). [Record No. 16] This action was filed by Carl McKenzie ("McKenzie" or "the Claimant") on July 26, 2004, after an adverse administrative decision by the Commissioner of Social Security, Jo Anne B. Barnhart ("the Commissioner"). [Record No. 2] In accordance with the Court's Standing Order, McKenzie filed his motion for summary judgment on October 26, 2004. [Record No. 9] Thereafter, the Commissioner moved the Court to remand this action for further administrative proceedings. [Record No. 10] In support, the Commissioner asserted that the ALJ failed to pose a proper hypothetical question to the vocational expert and that a new hearing was necessary in order to remedy the error. McKenzie did not oppose the motion.

On January 7, 2005, the Court granted the motion to remand and entered judgment which reversed the Commissioner's administrative decision. [Record Nos. 11 and 12] On February 28, 2005, the Court awarded fees to the Claimant's attorney in the amount of $1,301.25 pursuant to

the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Claimant's attorney has now moved the Court for an award of fees in the amount of $2,575.75 pursuant to the Social Security Act, 42 U.S.C. § 406(b). The Commissioner has not filed a response to the motion.

> Title 42, United States Code, Section 406(b)(1) provides, in relevant part, that:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled by reason of such judgment.

42. U.S.C. § 406(b)(1). Title 42 of the United States Code, Section 406(b), authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings under § 405(g). However, the various courts that have considered the issue have noted that such an award is proper once the Commissioner, on remand, awards past-due benefits to the claimant. *See Bergen v. Commissioner of Social Security*, ___ F.3d ___, 2006 WL 851664 (11th Cir. April 4, 2006); *Smith v. Bowen*, 815 F.2d 1152 (7th Cir. 1987); *Connor v. Gardner*, 381 F.2d 497(4th Cir. 1967).

At this point, the Court is unable to determine the amount of fees, if any, that should be awarded under § 406(b). In his motion, Claimant's counsel states that "the total that the Social Security Administration withheld from all of the past-due benefits was $5,300." However, Claimant's attorney has not presented any evidence indicating that the Claimant has been awarded those benefits by an administrative law judge. Although this Court remanded the action to the administrative level for further hearings, it did not award benefits to the Claimant. The Court left that decision for the administrative law judge who may or may not decide to award

benefits. Even if the Court assumes that an award of benefits has been made, the Claimant's attorney has failed to provide the Court with a specific amount.

The Act permits this court to award a "reasonable" fee which shall not exceed 25 percent of the past-due benefits. In his motion, counsel for the Claimant indicates that he has already received a fee award from the administrative law judge in the amount of $5,300. Counsel is requesting that this court award fees in the amount of $2,575.75, noting that he arrived at that figure by "subtracting $5,300 from $7,875.75." While the Court *might* assume that the amount of past-due benefits awarded *could* have been $31,503.00, it is not entirely clear what the $7,875.75 figure represents. Further, based on the information provided, the Court cannot determine whether the additional sum of $2,575,75 requested by counsel constitutes a "reasonable" fee under 42 U.S.C. § 406(b).

Accordingly, it is hereby **ORDERED** as follows:

1. Claimant's counsel's request for attorney's fees [Record No. 16] is **DENIED**, without prejudice.

2. Counsel may renew his request for fees if he is later able to provide information to the Court that would allow it to make a determination as to whether the fee request is "reasonable" under 42 U.S.C. § 406(b).

This 26th day of April, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge